UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

MARIA GRANELA,

     Plaintiff,

vs.

WAL-MART STORES EAST, L.P.,

     Defendant.

_____/

**DEFENDANT WAL-MART STORES EAST, L.P.' S NOTICE OF REMOVAL**

     Defendant, WAL-MART STORES EAST, L.P. ("WAL-MART")[1], by and through the undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(3), and Rule 81(c) of the Federal Rules of Civil Procedure, hereby removes to this Court the action filed in the 11th Judicial Circuit Court in and for Miami-Dade County, Florida, Case No. 2019-022838-CA-01, with full reservation of rights, exceptions and defenses, and in support thereof states:

## I.    **FACTUAL BACKGROUND**

     1.    On or about August 1, 2019, Plaintiff commenced this action by filing a Complaint against Wal-Mart in the 11th Judicial Circuit Court in and for Miami-Dade County, Florida. *See* Pl.'s Compl. attached as Ex. "A."

---

[1] WAL-MART was incorrectly named as Wal-Mart, Inc. in Plaintiff's Complaint filed in state court action, which is subject of a pending Motion to Dismiss for naming of incorrect corporate entity.

2.      The Complaint was served on August 8, 2019. *See* Service of Process attached as Ex. "B."

3.      On August 23, 2019, Plaintiff filed an Amended Complaint correcting the name of Defendant to Wal-Mart Stores East, L.P. due to the wrong entity being named as the Defendant in the original complaint.  Specifically, Plaintiff initially named Wal-Mart, Inc. as the Defendant entity which owned and operated the subject premises, located at 6991 SW 8 Street, Miami, Florida, where the incident described in the Complaint—a slip-and-fall accident—occurred.   However, the subject store was not owned or operated by Wal-Mart, Inc, but rather by Wal-Mart Stores East, L.P.  *See* Plaintiff's Amended Complaint attached as Ex. "C."

4.      Plaintiff alleges a claim for negligence against Wal-Mart as a result of injuries she allegedly sustained on December 29, 2017 while at the subject Wal-Mart premises. *See* Ex. "C" at ¶ ¶ 5, 6, 7, 8.

5.      Specifically, the Plaintiff alleges she slipped and fell on slippery substance on the floor. *Id.* at ¶ 9.

6.      Plaintiff alleges that Wal-Mart breached its duty of care by negligently failing to exercise reasonable care in the maintenance, repair, warning, or mode of operation of the business premises by allowing water or other transient liquids or substances to be and to remain on the floor of its premises.  Plaintiff claims that the dangerous condition existed for a sufficient length of time so that Wal-Mart should have known about it.  *Id.* at ¶¶ 7-8.

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

7.     The Plaintiff is a resident of Miami-Dade County, Florida. *See* Plaintiff's Patient Education & Visit Summary Person Information attached as Composite Ex. "D."[2] (page 33 of the demand letter).

8.     On or about January 16, 2018, prior to filing the instant lawsuit, the Plaintiff submitted a pre-suit demand letter which indicated that Plaintiff was admitted to Coral Gables Hospital with complaints of pain of bilateral shoulders, left hip and lower back pain and was diagnosed with a rotator cuff tear. It appears Plaintiff has suffered ***a complete supraspinatus tendon tear with retraction and a comminuted fracture of the left femur with some fragment displaced in the area and subsequently underwent a left total hip arthroplasty.*** Based on Plaintiff's alleged injuries and medical bills incurred the Plaintiff offered to settle the claim for $1,000,000.000. *See* Pre-Suit Demand Letter attached as Ex. "E."[3]

---

[2] Wal-Mart attaches a sample of the Plaintiff's medical bills to demonstrate diversity of Citizenship among Wal-Mart and the Plaintiff. Wal-Mart has redacted a portion of the Plaintiff's address (specifically, the street number) so as to protect the Plaintiff's confidential information. Composite exhibit "D" does not contain the entire complement of Plaintiff's medical bills, but rather only a sample for the purpose of demonstrating diversity of Citizenship among the parties. Should the Court wish to see the unredacted medical bills, Wal-Mart can provide same for an in camera inspection. *See* Composite Exhibit "D."

[3] Wal-Mart has not filed the entire complement of medical records which Plaintiff submitted with her pre-suit demand letter in order to protect the Plaintiff's personal information pursuant to the Court's Administrative Procedures, 6B. Should the Court wish to see these documents, Wal-Mart will provide same for an in camera inspection.

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

9.      This matter is therefore removable based on diversity of citizenship of the parties, and because the amount in controversy is in excess of $75,000.00 exclusive of interest, attorney's fees, and costs.

10.     Wal-Mart attaches hereto and makes a part of this notice a copy of the process, pleadings, and other papers filed in the 11th Judicial Circuit in and for Miami-Dade County together with a docket sheet from the Clerk of the Court.  *See* attached as Composite Ex. "F."

11.     Wal-Mart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II. REMOVAL IS TIMELY

12.     In accordance with 28 U.S.C. § 1446(b)(1), Wal-Mart files this Notice of Removal within thirty (30) days of the date that it received a copy of Plaintiff's initial Complaint. Plaintiff's Complaint is the initial pleading setting forth the claim for relief upon which Plaintiff's action is based. The thirty (30) day period commenced on August 8, 2019, when Plaintiff served her Complaint.

13.     Prior to the service of Plaintiff's Complaint, Plaintiff sent Wal-Mart a written pre-suit demand outlining Plaintiff's claimed damages inclusive of actual medical expenses in connection with her December 29, 2017 alleged incident.

14.     Venue exists in the United States District Court for the Southern District of Florida, Miami Division, because the 11th Judicial District in and for Miami-Dade County, where Plaintiff filed his state court Complaint is located in

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

Miami-Dade County Florida, which is located within the United States District Court for the Southern District of Florida, Miami Division.

### III. <u>THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES</u>

15.    Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

### A.    Citizenship of MARIA GRANELA.

16.    Plaintiff is a resident of Miami-Dade County, Florida. *See* Ex. "C." Although Plaintiff's Amended Complaint does not state Plaintiff's residency or citizenship, "[i]t is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (S.D.Fla.) (Cohn, J) (internal citations omitted).

17.    Here, Plaintiff's medical bills indicate she is a resident of Miami-Dade, Florida. *See* Ex. "D." Plaintiff's Miami-Dade, Florida's residence is prima facie evidence of her domicile which is equivalent to citizenship for purposes of establishing diversity in this case. *See Katz,* 2009 WL 1532129 at *3.

### B. Citizenship of WAL-MART STORES EAST, L.P.

18.    At the time of the alleged incident, and currently, Wal-Mart Stores East, L.P., is a Delaware limited partnership, of which WSE Management, LLC is

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

the general partner, and WSE Investment, LLC is the limited partner.  The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC (fka Wal-Mart Stores East, Inc.), an Arkansas limited liability company whose parent company is Wal-Mart Stores, Inc.  The principal place of business for all entities mentioned is Bentonville, Arkansas. At no time material has Wal-Mart Stores East, L.P., or its general or limited partners, been a citizen of Florida. *See* Florida Department of State, Division of Corporations, Detail by Entity Name attached as Composite Ex. "G."

## IV. AMOUNT IN CONTROVERSY

19.   The amount in controversy exceeds $75,000.00. Although Plaintiff's Complaint does not specify an amount in controversy other than the state court $15,000.00 jurisdictional minimum, it is clear from Plaintiff's pre-suit demand that his claimed damages exceed the jurisdictional minimum in this Court of $75,000.00. *See Katz v. J.C. Penney Corp., Inc.*, 2009 WL 1532129, *5 (S.D. Fla. June 1, 2009) (concluding the defendant met its jurisdictional burden of establishing the amount in controversy based on information received from the plaintiffs in the pre-suit demand package); *see also Mick v. De Vilbiss Air Power Co.,* No. 6:10-CV-1390-ORL, 2010 WL 5140849, at *1 (M.D. Fla. Dec. 14, 2010)  (discussing pre-suit demand letters are competent evidence of the amount in controversy.).

20.   Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

21.   "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz,* 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) (citing *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id* (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000)). "Therefore, pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed." *Id*.

22.   The relevant portions of Plaintiff's itemized and specifically detailed pre-suit demand conclusively establish that the amount in controversy exceeds the $75,000.00 jurisdictional minimum. Specifically, Plaintiff was admitted to Coral Gables Hospital with complaints of pain of bilateral shoulders, left hip and lower back pain and was diagnosed with a rotator cuff tear.  It appears Plaintiff has suffered ***a complete supraspinatus tendon tear with retraction and a comminuted fracture of the left femur with some fragment displaced in the area and subsequently underwent a left total hip arthroplasty***.  Based on Plaintiff's alleged injuries and medical bills incurred the Plaintiff offered to settle

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

the claim for $1,000,000.000. *See* Pre-Suit Demand Letter attached as Ex. "E."[4]   In addition to Plaintiff's alleged medical condition, the Plaintiff's Amended Complaint alleges that Plaintiff lost the enjoyment of life, lost earnings and ability to earn money and her injuries are either permanent or continuing in nature and Plaintiff will suffer the losses and impairment in the future. *See* Ex. "C." at ¶ 10.

23.    These representations sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this Court to retain jurisdiction. Numerous district court decisions support this conclusion.

24.    For example, in *Katz v. J.C. Penney Corp.*, this Court concluded that the removing defendant properly established the amount in controversy by addressing information received from Plaintiff's pre-suit demand package. *Katz,* 2009 WL 1532129 at 4. The Court specifically noted it was persuaded that the pre-suit demand package reflected an honest assessment of damages by plaintiffs because, like Plaintiff's June 15, 2018 pre-suit demand letter in this case, it was based on medical records provided by the plaintiff. *Id.*

25.    District courts have found that the amount in controversy is satisfied by a showing that Plaintiff's pre-suit demand letter demonstrates Plaintiff's past

---

[4] Wal-Mart has not filed the entire complement of medical records which Plaintiff submitted with her pre-suit demand letter in order to protect the Plaintiff's personal information pursuant to the Court's Administrative Procedures, 6B. Should the Court wish to see these documents, Wal-Mart will provide same for an in camera inspection.

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

medical bills exceed $75,000.00. For example, in *Stramiello v. Petsmart, Inc.*, Case No. 8:10-cv-659-T-33TGW, 2010 U.S. Dist. Lexis 59119, at *3 (M.D. Fla. 2010), the court determined the defendant established its burden of proving the amount in controversy exceeded $75,000.00 where the plaintiff's medical bills alone totaled $108,351.92 and plaintiff alleged that his injuries were permanent and she would "surely seek recovery of future medical expenses and significant pain and suffering damages." *Id.* The court found the defendant established complete diversity and that the amount in controversy exceeded the minimum jurisdictional requirement; therefore, the court denied the plaintiff's motion to remand. *Id.* at *5.

26.   Additionally, in *Wilson v. Target Corp.,* the plaintiff submitted a pre-suit demand letter indicating she had incurred over $100,000.00 in past medical expenses and would incur additional $1 million dollars in future medical expenses as a result of his incident. *Wilson v. Target Corp.,* 2010 WL 3632794, at *4 (S.D. Fla. 2010). Although the plaintiff's complaint did not specify the exact amount of damages she bought, but only plead that her damages were in excess of $15,000.00, the court denied plaintiff's motion to remand finding plaintiff's pre-suit demand letter and unspecified damages in his complaint were sufficient to demonstrate by a preponderance of the evidence that the amount in controversy exceeded $75,000.00. *Id.*

27.   Here, Plaintiff's pre-suit demand letter which estimates Plaintiff's damages to be one million dollars ($1,000,000.00) is an honest assessment of her claimed damages as it is based on the following:

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

a. Plaintiff's past medical bills in the approximate amount of $77,000.00

b. future medical care. *See Katz,* 2009 WL 1532129 at 4.

28. This evidence demonstrates the Plaintiff's claimed damages in the instant case far exceed $75,000.00. Accordingly, Wal-Mart has shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum, rendering removal proper.

## V. <u>CONCLUSION</u>

This action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because there exists complete diversity in this matter as the Plaintiff and Wal-Mart are citizens of different states, and the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs. Upon filing of this Notice of Removal, Wal-Mart will promptly give written notice to Plaintiff, through her attorneys of record, and the Clerk of the Circuit Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida.

**WHEREFORE**, Defendant, WAL-MART STORES EAST, L.P., respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, Case No. Case No. 2019-022838-CA-01, on the docket of the Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida, be removed from that Court to the United States District Court for the Southern District of Florida, Miami Division, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Wal-Mart is entitled.

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

Respectfully Submitted,

/s/ William H. Edwards
Jerry D. Hamilton
Florida Bar No.: 970700
jhamilton@hamiltonmillerlaw.com
William H. Edwards
Florida Bar No. 43766
wedwards@hamiltonmillerlaw.com
Patricia Concepcion
Florida Bar No. 109058
pconcepcion@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 379-3686
*Attorneys for Defendant, Wal-Mart Stores East, L.P.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 6, 2019, I electronically filed the foregoing document with the Clerk of Court using the E-Filing Portal.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List by electronic mail.

/s/ William H. Edwards
William H. Edwards

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

## SERVICE LIST

*Attorneys for Plaintiff*

Mina Grace, Esq.
**STEINGER, GREENE & FEINER**
2727 NW 62nd Street
Ft. Lauderdale, Florida 33309
Tele: (954)-491-7701
Fax: (954)-492-2289
Email: mgrace@injurylawyers.com
acox@injurylawyers.com
fmercado@injurylawyers.com

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690