UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:19-cv-23726-DPG

MARIA GRANELA,

    Plaintiff,

v.

WAL-MART STORES EAST, L.P.,

    Defendant.
_____/

## WAL-MART STORES EAST, LP'S MOTION FOR SUMMARY JUDGMENT

Defendant, Wal-Mart Stores East, LP., moves for an order granting summary judgment in its favor, and states:

### Preliminary Statement

This case is simple. Plaintiff Maria Granela slipped and fell on a transitory substance, which she claims was a clear liquid. She has sued Wal-Mart alleging negligence. There is nothing, however, in the record to show that Wal-Mart created the condition or knew or should have known of any substance on the floor where Granela slipped. Consequently, Granela cannot meet her burden of proving either actual or constructive knowledge of the liquid, and Wal-Mart is entitled to summary judgment as a matter of law.

Additionally, Granela failed to serve expert witness disclosures in this case. Without an expert to opine on legal causation, she is unable to prove this essential element of her case (i.e. causation).

## Memorandum of Law

I. **Summary judgment standard**

The summary judgment standard, of course, is well known: whether there exists a genuine issue of material fact on the record as it now stands. And there is no genuine issue of fact here because Granela cannot establish Wal-Mart breached a duty owed to her.

II. **The entry of summary judgment in Wal-Mart's favor is proper—there is no evidence Wal-Mart had actual or constructive notice of a dangerous condition**.

Ms. Granela's cause of action triggers Florida Statute § 768.0755, titled "Premises liability for transitory foreign substances in a business establishment."[1] Section 768.0755 provides that a person who slips and falls on a transitory substance in a business establishment must "prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it." The plaintiff may prove the business establishment has constructive knowledge by circumstantial evidence showing that:

> (a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or
>
> (b) The condition occurred with regularity and was therefore foreseeable.

---

[1] A federal court siting in diversity applies the substantive law of the state in which the case arose. *See Pendergast v. Sprint Nextel Corp.,* 592 F.3d 1119, 1132-33 (11th Cir. 2010). Ms. Granela's negligence claim arises from alleged injuries sustained at a Wal-Mart store in Florida. (ECF No. 1-4, Am. Compl.). Thus, the principles of Florida law govern this action.

Florida Statute § 768.0755 does not provide for a standard of strict liability for slips on transitory conditions—negligence may not be concluded from the mere happening of an accident alone. *See Winn-Dixie Stores, Inc. v. Marcotte*, 553 So. 2d 213, 214 (Fla. 5th DCA 1989) ("An entity in the actual possession and control of a premises, such as a supermarket, to which members of the public are invited, is not an insurer of the safety of such persons…").

When the evidence is viewed in the light most favorable to Granela, she cannot meet her burden of proof to establish Wal-Mart had actual or constructive notice of the transitory foreign substance (i.e. the water) that allegedly caused her to fall. Clearly, Granela cannot dispute that Wal-Mart did not have actual notice or that Wal-Mart created the condition (caused the water to be on the floor). And Granela can present no competent evidence any Wal-Mart employee knew of the water before her incident. She also cannot contend the condition occurred with regularity. Finally, she has no expert testimony to support a causation theory.

Ms. Granela cannot meet her burden at summary judgment for numerous reasons as outlined below. Summary judgment in Wal-Mart's favor is warranted.

> **A.  Wal-Mart did not have actual knowledge of the water before Granela's incident.**

The record is devoid of any evidence sufficient to raise a genuine issue of fact regarding Wal-Mart's actual notice of the allegedly dangerous condition. An owner has actual knowledge of a dangerous condition when the owner or one of their agents knows or creates the dangerous condition. *See Barbour v. Brinker Florida, Inc*. 801 So. 2d 953, 957 (Fla. 5th DCA 2001). Wal-Mart cannot be held liable on the

theory of negligence simply because Granela slipped and fell on the water. *See Winn Dixie v. White*, 675 So. 2d 702 (Fla. 4th DCA 1996) (holding that negligence "may not be inferred from the mere happening of an accident alone"); *Winn-Dixie Stores v. Mazzie*, 707 So. 2d 927 (Fla. 5th DCA 1998) (granting summary judgment in the defendant's favor where the plaintiff did not see the source of the substance before the incident and the plaintiff did not know how long the substance had been on the floor).

It is undisputed that before Granela's fall, no Wal-Mart employee knew of the water on the floor. Ms. Granela has presented no evidence any Wal-Mart associate actually knew of the water before her incident. There is no dispute Wal-Mart did not have actual knowledge of the water before Granela's incident because there is no evidence a Wal-Mart employee caused the water to be on the floor or knew it was there before the incident.

With no evidence Wal-Mart caused the water to be on the floor or knew of its presence, Granela has failed to prove Wal-Mart had actual knowledge of the alleged condition which caused her incident. Without actual notice, Granela's only avenue to meet the mandates of section 768.0755 is to prove Wal-Mart had constructive notice of the water. She is similarly unable to prove constructive notice.

**B.     Wal-Mart did not have constructive notice of the water.**

Ms. Granela cannot prove the water existed on the floor for a sufficient amount of time to place Wal-Mart on constructive notice of same. Wal-Mart cannot be held liable under a theory of constructive notice without some evidence of the length of

time the water existed on the floor before Granela's incident. *See, e.g., Berard v. Target Corp.,* 559 F. App'x 977, 978 (11th Cir. 2014) (affirming summary judgment where the plaintiff had not shown the spill existed for such a length of time the defendant store should have known about it); *see also Nguyen v. Costco Wholesale Corp.*, No. 19-CV-80393, 2020 U.S. Dist. LEXIS 72418 (S.D. Fla. Apr. 24, 2020) ("[T]he mere presence of water on the floor is not enough to establish constructive notice"— rather, the record must contain additional facts to create a permissible inference regarding the amount of time the water had been on the floor.") (citations omitted).

Florida courts routinely grant summary judgment in favor of the defendant where record evidence shows the plaintiff did not know how the substance came to be on the floor, where the substance came from, how long the substance was on the floor, or whether any employee knew the substance was on the floor before the plaintiff's fall. *See McCarthy v. Broward College*, 164 So. 3d 78 (Fla. 4th DCA 2015) (affirming summary judgment for the defendant where there was no evidence of how long the substance was on the floor before the fall); *Walker v. Winn–Dixie Stores, Inc.*, 160 So. 3d 909 (Fla. 1st DCA 2014) (accord); *Miller v. Big C. Trading, Inc.,* 641 So. 2d 911 (Fla. 3d DCA 1994) (affirming summary judgment where there was no evidence to indicate the grape was on the floor for any length of time).

So the question becomes "whether circumstantial evidence 'give[s] rise to an inference that the foreign substance had been on the floor for a sufficient length of time to charge the store owner with constructive knowledge of its presence.'"

*Berbridge v. Sam's East, Inc.*, No. 17-14234, 2018 U.S. App. LEXIS 6687, at *3 (11th Cir. Mar. 16, 2018) (quoting *Montgomery v. Fla. Jitney Jungle Stores, Inc.*, 281 So. 2d 302, 306 (Fla. 1973)). There is no evidence, however, regarding the length of time the substance had been on the floor or how long the freezer unit was leaking (taking the evidence in the light most favorable to Granela and assuming the freezer was leaking). *See id.* ("Circumstantial evidence of the passage of time may include 'dirt, scuffing, or tracks in a substance.'") (quotations omitted).

The Eleventh Circuit's decision in *Berbridge*, 2018 U.S. App. LEXIS 6687, is factually and legally analogous and supports summary judgment in Wal-Mart's favor. There, the plaintiff claimed she slipped and fell on water that had leaked from an overhead ac unit and accumulated in defendant-Sam's Club's frozen-food aisle. *Id.* The district court entered summary judgment in the defendant-store's favor. *Id.* at *1.

On appeal, the appellate court stated:

> In the light most favorable to Berbridge, the evidence showed that she slipped and fell on a liquid substance on the floor of the frozen-food aisle at a Sam's Club. She did not see the substance before slipping in it and did not know how long it had been there. She testified that it was "medium size" but "wasn't that big," wet but not sticky, and "dark" and "dirty." She did not know what caused the substance to be dirty. She saw no cart tracks or footprints in the substance, besides the mark caused by her shoe when she slipped. When she informed an employee of her fall and pointed out the substance, the employee noted that an overhead air conditioning unit was dripping from above where she slipped. Before she left the area, she observed a drop of liquid fall from the AC unit. She testified that it was not dripping heavily.

*Id.* at *3-4. Given these facts, the court held that the evidence was "not enough for a reasonable jury to infer that the liquid substance 'had been on the floor for a sufficient length of time to charge the store owner with constructive knowledge of its presence.'" *Id.* *8. The court further explained:

> Nor are there other signs of age that could support an inference that the condition of the substance was due to the passage of time. As the district court noted, there was no "evidence of footprints, prior track marks, change in consistency, drying of the liquid, or other evidence suggesting that the substance was on the floor for such a length of time that Defendant should have known about it and taken action to remedy it." We also don't know the size of the substance. Had the puddle on the floor been large, that could have suggested, in light of the slow dripping observed by Berbridge, that the AC unit had been leaking for a while. *See Erickson v. Carnival Cruise Lines, Inc.*, 649 So. 2d 942, 943 (Fla. 3d DCA 1995) (concluding that "the source of the puddle (i.e. ceiling leak) as well as the size of the puddle were sufficient to create a jury question" as to constructive knowledge). In sum, the record lacks any evidence from which a reasonable jury could conclude that the substance was "dark" and "dirty" because it was present on the floor for a period long enough to charge Sam's Club with constructive knowledge.

*Id.* at *9-10.

Here, the facts do not differ from those in *Berbridge*. In the light most favorable to Granela, the evidence shows she allegedly slipped and fell on water on the floor in front of a freezer at a Wal-Mart. She did not see the water before slipping in it and did not know how long it had been there. (Statement of Undisputed Facts at ¶¶ 2, 3). She testified the water was clear and may have had marks on it caused by the shoppers who were walking in front of her and right before she slipped. *Id.* at ¶4.

*See Hussain v. Winn Dixie Stores, Inc.,* 765 So. 2d 141, 142 (Fla. 5th DCA 2000) (although egg splatter was described as "dirty," constructive notice was not found where the only marks through the eggs were created by the plaintiff, there was no evidence that this specific egg had crusted or "aged," and there had been an inspection of the area 15 to 20 minutes before the fall). And a post-incident photo shows the puddle was small in size.

And the presence of a supposed Wal-Mart employee nearby does nothing to support the notion Wal-Mart had constructive notice. *See Nguyen*, 2020 U.S. Dist. LEXIS 72418, at *13 ("there are several appellate decisions which hold that the presence of the defendant's employees near the accident scene is not sufficient to defeat a motion for summary judgment or directed verdict") (citing *Hamideh v. K-Mart Corp.*, 648 So. 2d 824, 825 (Fla. 3d DCA 1995) (trial court correctly granted defendant's motion for summary judgment where a reasonable inference, creating a presumption of notice on the part of the defendant, could not be drawn from the fact that a store employee was stocking shelves with shampoo bottles four steps from where plaintiff slipped and fell); *Winn-Dixie Stores, Inc. v. Mazzie*, 707 So. 2d 927, 929 (Fla. 5th DCA 1998) (evidence that a Winn—Dixie employee was previously restocking a deli refrigerator which was in the same area where Mazzie slipped and fell is insufficient to create an inference that Winn—Dixie had constructive notice of any dangerous condition)). Ms. Granela's slip and fell on the water did not give rise to an inference that employees should have known and were therefore on constructive notice of water's presence before the accident (absent indication as to

how long water was there). This is nothing but speculation to support a claim Wal-Mart's employee could have seen it in time to remove it.

The court in *Berbridge*, on nearly identical facts held the evidence was "not enough for a reasonable jury to infer that the liquid substance 'had been on the floor for a sufficient length of time to charge the store owner with constructive knowledge of its presence.'" *Berbridge*, 2018 U.S. App. LEXIS 6687, at *3-4, 8.

The Eleventh Circuit decision in *Pussinen v. Target Corp.*, No. 17-15083, 2018 U.S. App. LEXIS 12960, at *3 (11th Cir. May 16, 2018), also supports Wal-Mart's Summary Judgment Motion. There, the plaintiff alleged she slipped on a liquid substance on the floor of a main aisle near the toy department in a Super Target store. A store employee testified he had not walked the aisle where the plaintiff fell for at least 15 minutes before her fall. *Id.* The district court granted the defendant-Target's summary judgment motion. *Id.* at *1. The plaintiff appealed, "challeng[ing] the court's ruling that she failed to present the required evidence that Target had constructive knowledge of the slippery substance on the floor." *Id.*

In affirming summary judgment, the court reasoned that the plaintiff did not know how long the water was on the floor and the only evidence she presented regarding timing was one of Target's employees who testified that the last time he traversed the area was over 15 minutes before the fall. *Id.* at *5-6. The court concluded that "a jury could not reasonably infer that the liquid was on the floor for more than fifteen minutes based solely on [the employee's] testimony."

Here, even drawing every reasonable inference for Granela, Wal-Mart is entitled to summary judgment in its favor because she has not satisfied her burden of proving Wal-Mart had constructive notice of the water before her incident. There is no evidence the water was on the floor for a sufficient length of time to impose constructive knowledge upon Wal-Mart as a matter of law. "[T]he evidence fails to create a permissible inference that the spill existed for such a length of time that in the exercise of reasonable care the spill would have been known to [Wal-Mart]. The record in this case does not contain facts which would allow a jury to infer how long the liquid was on the floor because Plaintiff [has] admitted that [she has] no idea how the liquid got there or how long it had been on the floor and Plaintiff [has] provided no additional facts regarding the amount of time the liquid had been on the floor." *See Nguyen*, 2020 U.S. Dist. LEXIS 72418, at *13.

### C. Ms. Granela cannot rely on foreseeability to establish constructive notice of the water on the floor.

Summary judgment is also proper because there is no evidence the alleged dangerous condition occurred with any regularity to impute constructive notice upon Wal-Mart. *See Berard*, 559 F. App'x at 978 (affirming summary judgment, in part, where plaintiff failed to present any evidence that spills occurred with such regularity that the dangerous condition was foreseeable to Target).

Ms. Granela cannot establish, through foreseeability, her burden of proving Wal-Mart had constructive notice of the water on the floor due to regular incidents. *See id.* In fact, like the *Berard* plaintiff, here, Granela has presented no evidence the

water (or any other transitory foreign substance) on the floor of the store occurred with any regularity and was therefore foreseeable.

### III. Ms. Granela cannot prove medical causation through expert testimony because she has disclosed no expert witnesses.

Ms. Granela served no expert witness disclosures under the requirements of Federal Rule of Civil Procedure 26(a)(2), and thus, all of her treating physicians are precluded from offering causation testimony. Accordingly, she cannot prove yet another essential element of her prima facie case (i.e. causation).

Under the Court's Scheduling Order Setting Civil Trial Date and Pretrial Schedule, Requiring Mediation, and referring Certain Motions to Magistrate Judge (ECF No. 9) dated October 15, 2019, Granela was ordered to disclose experts, expert witness summaries and reports by April 10, 2020. She served no expert witness disclosures. Federal Rule of Civil Procedure 26(a) sets forth requirements for disclosing expert testimony.

A full written report is required from an expert specifically retained to provide expert testimony. Federal Rule of Civil Procedure 26(a)(2)(B) provides, in part, that if "the witness is one retained or specially employed to provide expert testimony in the case . . ." the disclosure must be supplemented by a written report. *Id*. More specifically, Federal Rule of Civil Procedure 26(a)(2)(B) requires Granela to provide, in a written report, the following for each person to present expert testimony: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's

qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case. *See* Fed. R. Civ. P. 26(a)(2)(B).

In contrast, when an expert does not have to provide a full written report under Rule 26(a)(2)(B), the expert disclosure requirement is considerably "less extensive" though a report of sorts is still required. *See* Fed. R. Civ. P. 26 Advisory Committee Notes (2010 Amendments). If the expert witness is not required to provide a written report under Rule 26(a)(2)(B), the plaintiff's expert disclosures must state "the subject matter on which the witness expected to present evidence" and "a summary of facts and opinions to which the witness is expected to testify." *See* Fed. R. Civ. P. 26(a)(2)(C).

Here, Granela served no expert witness disclosures which comply with either Rule 26(a)(2)(B) or Rule 26(a)(2)(C), and thus, Granela's treating physicians are precluded from testifying as expert witnesses including offering causation testimony. *See In re Denture Cream Prods. Liab. Litig.*, No. 09-2051-MD-ALTONAGA, 2012 U.S. Dist. LEXIS 152277 (S.D. Fla. Oct. 22, 2012); *see also* Fed. R. Civ. P. 37(c)(1) (when "a party fails to provide information or identify a witness as required by [Fed. R. Civ. P.] 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial,

unless the failure was substantially justified or is harmless"); *accord Mitchell v. Ford Motor Co.,* 318 Fed. App'x 821, 824 (11th Cir. 2009).

Without expert testimony that the incident caused her numerous alleged injuries, Granela cannot prove her negligence claim. *See Rafflo v. Gymboree Retails Stores, Inc.*, No. 8:12-cv-1652-T-30TGW, 2013 U.S. Dist. LEXIS 102156, at *9 n.1 (M.D. Fla. July 19, 2013) (granting summary judgment against tort claims and reasoning it was unclear how plaintiffs could possibly prove medical causation without any medical expert when the plaintiffs did not disclose any experts during the necessary time period); *see also Cochran v. E.I. DuPont de Nemours*, 933 F.2d 1533, 1537 (11th Cir. 1991) ("[T]he Supreme Court has held that [R]ule 56(c) mandates the entry of summary judgment against a party who fails to prove an essential element of the case.").

To prevail on her claim, Granela must prove a cause and effect relationship between her incident at Wal-Mart and her alleged injuries. *See generally Barrow v. Bristol-Myers Squibb Co.*, No. 96-689-CIV-ORL-19B, 1998 U.S. Dist. LEXIS 23187 (M.D. Fla. Oct. 29, 1998). Medical causation is one that requires specialized, technical knowledge and falls beyond the scope of layperson's knowledge. *See Jacob v. Korean Air Lines Co.*, 606 F. App'x 478, 481 (11th Cir. 2015). Florida law provides that only expert witnesses (and specifically, medical doctors) can render medical causation opinions. *See generally Upjohn Co. v. MacMurdo*, 562 So. 2d 680, 683 (Fla. 1990). In *Jacob*, the Eleventh Circuit affirmed a summary judgment against a claim that the plaintiff sustained long-term diabetic and cardiac injuries because of

airline travel. *Jacob*, 606 Fed. Appx. at 481. The court reasoned that the plaintiff "failed to submit any medical-expert evidence at all" to prove "that any of the alleged 'accidents' caused or even contributed to his injuries." *Id*. In concluding this, the court reasoned that medical causation presents technical and scientific issues requiring specialized knowledge of an expert medical witness. In the negligence context under Florida law, lay testimony legally cannot support a finding of causation where medical condition is not readily observable. *See Jones v. Disc. Auto Parts, LLC*, No. 6:16-cv-138-Orl-37KRS, 2017 U.S. Dist. LEXIS 59890 (M.D. Fla. Apr. 19, 2017) (citing *Rementer v. U.S.*, No. 8:14-cv-642-T-17MAP, 2015 U.S. Dist. LEXIS 138534 (M.D. Fla. Oct. 9, 2015)).

Because Granela failed to provide expert witness disclosures that complied with either Federal Rule of Civil Procedure 26(a)(2)(B) or (C) her treating physicians are precluded from offering causation opinions at trial. Consequently, Granela cannot prove causation and summary judgment is therefore proper in Wal-Mart's favor. *See Jacob*, 606 Fed. Appx. at 481; *Kilpatrick v. Breg, Inc.*, 613 F.3d 1329, 1334 n.4 (11th Cir. 2010).

## Conclusion

Ms. Granela's claim fails because there is no evidence Wal-Mart had actual or constructive notice of a dangerous condition. Ms. Granela cannot prove as a matter of law that the substance she claims she slipped on existed for enough time to place Wal-Mart on notice as a matter of law. In addition, Ms. Granela cannot prove

causation of her alleged injuries without any expert testimony. As such, Wal-Mart requests the Court enter summary judgment in its favor.

**Dated: June 12, 2020.**

                              Respectfully Submitted,

                              ***/s/ Marta R. Golani***
                              Jerry D. Hamilton
                              Florida Bar No.: 970700
                              jhamilton@hamiltonmillerlaw.com
                              William H. Edwards
                              Florida Bar No. 43766
                              wedwards@hamiltonmillerlaw.com
                              Marta R. Golani
                              Florida Bar No. 037331
                              mgolani@hamiltonmillerlaw.com
                              HAMILTON, MILLER & BIRTHISEL, LLP
                              150 Southeast Second Avenue, Suite 1200
                              Miami, Florida 33131
                              Telephone: (305) 379-3686
                              *Attorneys for Defendant, Wal-Mart Stores*
                              *East, L.P.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 12, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or *pro se* parties identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

                                          */s/ Marta R. Golani*
                                          Marta R. Golani

## SERVICE LIST

Attorneys for Plaintiff

**STEINGER, GREENE & FEINER**
Mina Grace, Esquire
2727 NW 62nd Street
Fort Lauderdale, FL 33309
Telephone: (954) 491-7701
Facsimile: (954) 492-2289
Email: mgrace@injurylawyers.com
acox@injurylawyers.com
fmercado@injurylawyers.com