UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-cv-23726-GAYLES/OTAZO-REYES

**MARIA GRANELA**,

    Plaintiff,

v.

**WAL-MART STORES EAST, L.P.**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant Wal-Mart Stores East, L.P.'s Motion for Summary Judgment (the "Motion") [ECF No. 16]. The Court has considered the Motion and the record, heard oral argument, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

### BACKGROUND

**I.**     **Factual Background**

This case involves a slip-and-fall accident at one of Defendant's stores in Miami. The facts are relatively simple and largely uncontested. While shopping with her son, Carlos Granela, Plaintiff slipped on water near the freezer section of Defendant's store. Plaintiff did not see the water on the floor before she slipped and did not know how long it was there. Plaintiff only noticed the water after she slipped. Plaintiff also did not know the source of the water, but later speculated

that it may have originated from a leaking freezer.[1] Plaintiff and Defendant took separate photographs of the water and the incident site from different angles.[2] *See* [ECF No. 68 at 2 ¶ 7] (Defendant's photograph); [ECF No. 69 at 9] (Plaintiff's photograph).

## II.   Procedural History

On August 1, 2019, Plaintiff filed this action against Defendant in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. [ECF No. 1-2]. On August 23, 2019, Plaintiff filed her Amended Complaint in which she brings one count of negligence and seeks compensatory damages, costs, and interest for the injuries she suffered as a result of her fall. [ECF No. 1-4]. On September 6, 2019, Defendant removed this action on diversity grounds pursuant to 28 U.S.C. § 1332. [ECF No. 1]. On June 12, 2020, Defendant filed the instant Motion. [ECF No. 16]. On January 6, 2021, the Court heard oral argument on the Motion. [ECF No. 77].

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment "is appropriate only if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Tolan v. Cotton*, 572 U.S. 650, 656–657 (2014) (per curiam) (internal quotation marks omitted) (quoting Fed. R. Civ. P. 56(a)). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). An issue is "genuine" when a reasonable trier of fact, viewing all of the record evidence, could

---

[1] The parties dispute the accuracy of Plaintiff's claim that a freezer may have been leaking. In her deposition, Plaintiff testified that the water may have originated from a leaking freezer. [ECF No. 69 at 3 ¶ 24]. Defendant argues that the record is devoid of any evidence that a freezer near the water was in fact leaking. [ECF No. 68 at 4 ¶ 24].

[2] During the January 6, 2021 hearing on the Motion, the parties stipulated that the photographs were taken on or about the same time.

2

rationally find in favor of the nonmoving party in light of her burden of proof. *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014) (citation omitted). A fact is "material" if, "under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259 (11th Cir. 2004) (citation omitted).

"Where the material facts are undisputed and all that remains are questions of law, summary judgment may be granted." *Eternal Word Television Network, Inc. v. Sec'y of U.S. Dep't of Health & Human Servs.*, 818 F.3d 1122, 1138 (11th Cir. 2016) (citation omitted), *vacated on other grounds*, 2016 WL 11503064, at *1 (11th Cir. May 31, 2016). The Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *SEC v. Monterosso*, 756 F.3d 1326, 1333 (11th Cir. 2014) (per curiam). However, to prevail on a motion for summary judgment, "the nonmoving party must offer more than a mere scintilla of evidence for its position; indeed, the nonmoving party must make a showing sufficient to permit the jury to reasonably find on its behalf." *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir. 2015). Furthermore, conclusory allegations will not create an issue of fact for trial sufficient to defeat a well-supported motion for summary judgment. *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990) (citation omitted).

## DISCUSSION

Defendant argues that it is entitled to summary judgment because there is no evidence that it had actual or constructive knowledge of the dangerous condition that resulted in Plaintiff's fall. While Plaintiff concedes that Defendant did not have actual knowledge, *see* [ECF No. 44 at 6], she argues that a genuine issue of material fact remains as to whether Defendant had constructive knowledge of the dangerous condition.

**I.      Negligence Claims in Florida[3]**

To bring a negligence claim in Florida, a plaintiff must allege: "(1) a legal duty on the defendant to protect the plaintiff from particular injuries; (2) the defendant's breach of that duty; (3) the plaintiff's injury being actually and proximately caused by the breach; and (4) the plaintiff suffering actual harm from the injury." *Zivojinovich v. Barner*, 525 F.3d 1059, 1067 (11th Cir. 2008) (per curiam) (citing *Clay Elec. Coop., Inc. v. Johnson*, 873 So. 2d 1182, 1185 (Fla. 2003)). In Florida, a plaintiff bringing a negligence claim based on a transitory substance in a business establishment must also show that the defendant had "actual or constructive knowledge of the dangerous condition and should have taken action to remedy it." Fla. Stat. § 768.0755(1). Constructive knowledge may be proven by circumstantial evidence showing either that: (1) "[t]he dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition;" or (2) "[t]he condition occurred with regularity and was therefore foreseeable." *Id.* § 768.0755(1)(a)–(b). *But see Publix Super Markets, Inc. v. Schmidt*, 509 So. 2d 977, 978 (Fla. 4th DCA 1987) ("[I]f a party . . . depends upon the inferences to be drawn from circumstantial evidence as proof of one fact, it cannot construct a further inference upon the initial inference in order to establish a further fact unless . . . the original . . . inference was established to the exclusion of all other reasonable inferences." (citations omitted)).

---

[3] Because this action is based in diversity jurisdiction, the Court applies Florida substantive law. *See Erie R. Co. v. Thompkins*, 304 U.S. 64, 78 (1938) (requiring federal courts in diversity actions to apply the *substantive* law of the state in which it sits). "In rendering a decision based on state substantive law, a federal court must 'decide the case the way it appears the state's highest court would.'" *Q.B.E. Ins. Corp. v. Jorda Enters. Inc.*, No. 10-CIV-21107, 2010 WL 11442644, at *2 (S.D. Fla. Aug. 18, 2010) (citation omitted).

## II.     Defendant's Motion for Summary Judgment

The Court finds that Defendant is entitled to summary judgment.[4] There is no evidence in the record that Defendant had actual knowledge of the dangerous condition. [ECF Nos. 17-1 & 17-3]; *see also* [ECF No. 68 at 3–4 ¶¶ 13–14, 20–23]. Further, Plaintiff fails to show that Defendant had constructive knowledge of the dangerous condition.

### A.     Constructive Knowledge: Length of Time

Defendant argues that Plaintiff fails to bring forth sufficient evidence to establish that it had constructive knowledge of the water. Plaintiff primarily relies on her own and her son's deposition testimony describing the water's appearance, as well as the photographs of the incident site, to establish that Defendant had constructive knowledge based on the length of time the water was on the floor.

The parties provide competing descriptions of the water following the incident. Plaintiff described the water as clear with track marks and footprints. [ECF No. 68 at 1 ¶ 5 & 2 ¶ 6]; [ECF No. 69 at 4 ¶ 43]. Mr. Granela—who did not see water on the floor prior to the fall or know what caused the water to be on the floor—described the water as dirty, scattered, dried up, and walked on with track marks. [ECF No. 68 at 3 ¶¶ 17–18]; [ECF No. 69 at 4 ¶ 46 & 5 ¶ 47]. Mr. Granela also described the water as being two to three feet in size and believed the water appeared to be on the floor for "awhile." [ECF No. 69 at 4 ¶ 45 & 5 ¶ 48]. Defendant disputes this characterization, arguing that Plaintiff's photograph of the water "reflect[s] clear liquid, free of dirt or debris . . . [and] shows a single track mark that leads directly to the wheels of the cart that Plaintiff's son was

---

[4] Defendant also argues that summary judgment should be granted in its favor as to medical causation because Plaintiff failed to properly file medical expert disclosures. Because Plaintiff fails to establish the requisite statutory element of constructive knowledge, the Court need not address the issue of causation or the sufficiency of Plaintiff's medical expert disclosures.

pushing approximately six to eight feet in front of her prior to the incident, as per her testimony." [ECF No. 70 at 1 ¶ 47].

Circumstantial evidence of length of time to prove constructive knowledge includes "[t]estimony of dirt, scuffing, or tracks in a substance . . . ." *Woods v. Winn Dixie Stores, Inc.*, 621 So. 2d 710, 711 (Fla. 3d DCA 1993) (citing *Winn Dixie Stores, Inc. v. Guenther*, 395 So. 2d 244, 246 (Fla. 3d DCA 1981)). "[T]he mere presence of the substance on the floor is not enough; the record must have additional facts to create a permissible inference about the time the foreign substance had been on the floor . . . . Without this evidence, a finding of negligence would be sheer speculation." *Ayers v. Wal-Mart Stores, E., L.P.*, No. 15-CIV-24663, 2017 WL 747541, at *2 (S.D. Fla. Feb. 27, 2017) (quoting *Garcia v. Target Corp.*, No. 12-CIV-20135, 2013 WL 12101087, at *2 (S.D. Fla. Feb. 26, 2013)); *see also Delgado v. Laundromax, Inc.*, 65 So. 3d 1087, 1090 (Fla. 3d DCA 2011) ("[T]he mere presence of water on the floor is not enough to establish constructive notice . . . ." (citations omitted)). Thus, Plaintiff's claim must be "accompanied by a 'plus,' namely some additional fact or facts from which a jury can reasonably conclude that the substance was on the floor long enough to have become discolored without assuming other facts . . . ." *Encarnacion v. Lifemark Hosps. of Fla.*, 211 So. 3d 275, 278 (Fla. 3d DCA 2017) (citation omitted).

Based on this limited evidence, the Court finds that no reasonable jury could find that the water remained on the floor long enough to impute constructive knowledge on Defendant. Importantly, the photographs submitted by the parties contradict Plaintiff's and her son's descriptions of the water. The photographs reveal no connection between the water and a freezer. Defendant's photograph, [ECF No. 68 at 2 ¶ 7], does not show footprints, scuffing, or dirt, nor are they evident in Plaintiff's photograph, [ECF No. 69 at 9]. Further, the pictures only show one apparent track mark made by a cart. Plaintiff is otherwise unable to establish how the water got

6

there and how long it remained. *See Nguyen v. Costco Wholesale Corp.*, No. 19-CIV-80393, 2020 WL 1976215, at *6 (S.D. Fla. Apr. 24, 2020) ("Plaintiffs have admitted that they have no idea how the liquid got there or how long it had been on the floor and Plaintiffs have provided no additional facts regarding the amount of time the liquid had been on the floor."); *Ayers*, 2017 WL 747541, at *2 ("There was nothing about the clear liquid that suggested that it had been on the floor for more than a minute or two."); *Garcia*, 2013 WL 12101087, at *3 ("Plaintiff was merely passing through the area where she fell, thus she could not state that the substance had been on the floor any amount of time at all." (citation omitted)).

Moreover, Plaintiff provides no basis to otherwise infer that Defendant's employees should have been aware of the water prior to her fall. *Cf. Ayers*, 2017 WL 747541, at *3 ("Although [the defendant's employee] walked by the aisle about a minute before the incident, there is no credible reason to believe that she would have or could have seen the clear substance on the floor."); *Garcia*, 2013 WL 12101087, at *2 ("Plaintiff claims that between the time the last employee walked through the area, which is either twelve or twenty minutes, water appeared from an unknown source."). There is no evidence that Defendant's employees were informed about the water prior to the incident. *Cf. Schmidt*, 509 So. 2d at 978 ("Since there was no proof of actual nor constructive notice, plaintiff's claim rests on an inference that Publix employees were negligent."). A reasonable jury would thus be left to speculate as to the length of time the water was on the floor, whether moments, minutes, or hours; however, "speculation [is] insufficient to create a genuine issue of material fact." *Espinoza v. Target Corp.*, No. 20-12485, 2021 WL 164507, at *4 (11th Cir. Jan. 19, 2021) (per curiam) (quoting *Glasscox v. City of Argo*, 903 F.3d 1207, 1213 (11th Cir. 2018)).

7

Thus, Plaintiff fails to bring forth sufficient evidence to create a genuine issue of material fact as to whether Defendant had constructive knowledge of the water on the floor. Plaintiff's arguments require the Court to make impermissible inferential leaps and assumptions. *See Berbridge v. Sam's E., Inc.*, No. 16-CIV-62681, 2017 WL 3593968, at *4 (S.D. Fla. Aug. 21, 2017) ("More specifically, it would require the Court to assume that (1) the substance was not [originally] 'dark' or 'dirty' . . . , (2) the substance did not become 'dark' and 'dirty' as a result of Plaintiff's foot sliding through it, and (3) that the substance was on the floor for a sufficient period of time to make it 'dark' and 'dirty.'"). "Without evidence of a 'plus,' this Court cannot stack inference upon inference" to find that Defendant had constructive knowledge of the water based on the length of time it remained on the floor. *Id.*; *see also Nguyen*, 2020 WL 1976215, at *6 ("The evidence failed to show how the foreign substance got on the floor, how long it had remained on the floor[,] or whether the defendants knew or should have known it was on the floor." (citations omitted)).

### B.     Constructive Knowledge: Regularity of Condition

Defendant also argues that Plaintiff fails to bring forth sufficient evidence to show that Defendant had constructive knowledge based on the regularity with which water or other transitory substances appeared on the store floor. Plaintiff argues that the testimony of a Walmart employee, Blanca Mojico, creates a genuine issue of material fact as to the regularity of similar transitory substances. The Court disagrees.

Plaintiff heavily relies on Ms. Mojico's deposition testimony that she saw similar water puddles during her five years of employment with Defendant. [ECF No. 69 at 5 ¶ 50]. Ms. Mojico testified that puddles of water typically came from a freezer or from someone drinking and spilling water. *Id.* at 5 ¶ 51. Ms. Mojico also testified that an employee would have noticed the water on

the floor if they were walking down the aisle where the incident took place. *Id.* at 5 ¶ 52. However, Ms. Mojico's statements—and the record as a whole—provide no detail about similar incidents. There is no evidence about the condition of the freezer near the water, whether there were prior leaks in the same location, when any leaks occurred, or whether others had fallen under similar circumstances. *See, e.g.*, *Palavicini v. Wal-Mart Stores E., LP*, 787 F. App'x 1007, 1014 (11th Cir. 2019) (per curiam) (finding that although the defendant's employee observed leaks on a few occasions above the location of the incident, his lack of knowledge as to when the leaks occurred or if others had fallen because of the leaks failed to establish regularity); *Nieves v. Walmart Stores E., LP*, No. 2:19-cv-00474-JLB-NPM, 2020 WL 6161474, at *6–7 (M.D. Fla. Oct. 21, 2020) (granting summary judgment in the defendant's favor because the plaintiff failed to "satisfy her statutory burden to prove (by inference or otherwise) . . . that the liquid's presence was foreseeable because it was a regular occurrence."). Further, there is no evidence that Defendant received prior warnings of water on the floor under similar circumstances. Thus, Defendant's constructive knowledge has not been established on this basis.

## CONCLUSION

Based on this record, "no reasonable trier of fact could infer constructive knowledge of the [water] by Walmart—any such conclusion would be a wild guess, not a reasonable inference." *Id.* at *3 (citation omitted).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  Defendant Wal-Mart Stores East, L.P.'s Motion for Summary Judgment, [ECF No. 16], is **GRANTED**;

2.  Pursuant to Federal Rule of Civil Procedure 58, **final judgment shall be entered separately**;

9

3. All pending motions are **DENIED as moot**; and

4. This case is **CLOSED**.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 26th day of February, 2021.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE